UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRACY MARIE GARTH,<br><br>              Plaintiff,<br>v.<br><br>BONNIE HOMMRICH, et al.,<br><br>              Defendants. | Case No. 3:17-cv-00758<br><br>Chief Judge Waverly D. Crenshaw, Jr.<br>Magistrate Judge Alistair Newbern |

To: The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

### REPORT AND RECOMMENDATION

This action has been referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1) for a report and recommendation on all dispositive motions. (Doc. No. 9.)

Now pending is a motion filed by Defendants Evan Bohn, Cassandra Skinner, and Danielle Telkamp under Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) to quash their summonses and dismiss Plaintiff Tracy Marie Garth's claims against them. (Doc. No. 46, PageID# 187.) Bohn, Skinner, and Telkamp (collectively, Defendants) assert that Garth did not make timely service as required by Federal Rule of Civil Procedure 4(m) and cannot show good cause to excuse her failure to do so. (*Id.*) For the reasons stated below, the undersigned RECOMMENDS that the motion be GRANTED.

**I.    Factual and Procedural Background**

On April 25, 2017, Plaintiff Tracy Garth filed a complaint alleging violations of 42 U.S.C. § 1983, the Tennessee Governmental Tort Liability Act, and Tennessee common law, arising out of her arrest by Franklin, Tennessee, police officers on April 25, 2016, and the resulting placement

1

of her children in state custody. (Doc. No. 1, PageID# 3, 6–12.) Garth has named multiple defendants, including former Williamson County Deputy Sheriffs Bohn, Skinner, and Telkamp. (*Id.* at PageID# 5, ¶¶ 9, 10.) Garth alleges that, while she was being held in the Williamson County Jail, employees including Defendants violated her Fourth and Eighth Amendment rights by filming themselves cutting the jail uniform and underwear from Garth's body while restraining her, "leaving her naked and exposed to male guards." (*Id.* at PageID# 10–11 ¶ 37.) Garth also alleges that Bohn pointed a Taser at her while Skinner and Telkamp restrained her and removed her clothing. (*Id.*)

On December 6, 2017, Defendants filed this motion alleging that they had not yet been served with process. (Doc. No. 46, PageID# 187.) It appears that, in June 2017, Garth's counsel, S. Sincere Richards, attempted to serve Defendants at the Williamson County Sheriff's Department. (Doc. No. 47, PageID# 190.) However, because Defendants were no longer employed by that office, their counsel, Lisa Carson, notified Richards by email on June 28, 2017, that service had not been properly made. (*Id.*; Doc. No. 48-1, PageID# 207.) The day before Carson sent this email, Richards moved to withdraw as Garth's counsel. Richards's initial motion did not comply with this Court's Local Rule 83.01(g) and she was not given leave to withdraw until July 12, 2017. Richards did not serve Defendants before she departed from the case. (Doc. Nos. 14, 17.)

On July 13, 2017, Janet Okoye appeared as Garth's counsel. (Doc. No. 18.) Carson notified Okoye by email on July 25, 2017, that Defendants had not been served, stating that she "wanted to make sure that [Okoye] had the correspondence that [Carson] sent to S. Richards (Ms. Garth's prior counsel regarding service of process)." (*Id.*) Okoye did not respond to Carson's email. (Doc. No. 47, PageID# 191.)

On August 18, 2017, the Court held an initial case management conference, at which Carson, Okoye, and all other counsel for parties who had appeared in the action were present. (Doc. No. 29 PageID# 126.) Upon discovering that Defendants had still not been served, the Court adjourned the conference to allow for service and ordered Okoye to "confer with all counsel and notify the Court" within seven days of Defendants' appearance of a date and time to reset the case management conference. (*Id.*) Carson agreed to contact Defendants and ask whether they would give permission for Carson to accept service on their behalf. (Doc. No. 47, PageID# 191.) Carson notified Okoye on the afternoon of August 18, 2017, that she would accept service for Defendants and that the summonses could be served by mail, email, or fax. (Doc. No. 48, PageID# 204, ¶ 4; Doc. No. 48-3, PageID# 225–26.)

On August 28, 2017, Okoye moved to withdraw as Garth's counsel (Doc. No. 30, PageID# 128.) The Court denied that motion for failure to comply with Local Rule 83.01(g). (Doc. No. 31.) Okoye filed a second motion to withdraw on September 18, 2017 (Doc. No. 36), which was denied on the same grounds. (Doc. No. 38.) Attorneys Jonathan E. Richardson, Roderick T. Cooks, and Byron R. Perkins (hereinafter, Garth's current counsel) entered appearances on Garth's behalf in September 2017. (Doc. Nos. 33, 39, 42.) Okoye's representation then overlapped with Garth's current counsel until she successfully moved to withdraw on December 11, 2017. (Doc. No. 49.)

Defendants filed this motion on December 6, 2017. (Doc. No. 46.) The Court ordered Garth to respond by December 29, 2017. (Doc. No. 52.) On December 22, 2017, Garth filed a pro se response in which she stated that she has "suffered from the lack of counsel in whom [sic] has not properly prepared and processed the instant action . . . ." (Doc. No. 53, PageID# 245.) Garth asked that she "be given time [to] seek new counsel along with any and all relief this court deems

[Plaintiff] . . . entitled to." (*Id.* at PageID# 246.) On December 29, 2017, Garth's current counsel filed a response. (Doc. No. 54.) Defendants filed a reply.[1] (Doc. No. 55, PageID# 260.)

To date, no further efforts to serve Defendants have been made, nor has Garth's current counsel moved to extend the time for service or to reissue summonses for Defendants.

**II.     Legal Standard**

"[T]he requirement of proper service of process 'is not some mindless technicality.'" *Friedman*, 929 F.2d at 1156 (quoting *Del Raine v. Carlson*, 826 F.2d 698, 704 (7th Cir. 1987)). It goes to the very heart of a court's authority. "[W]ithout proper service of process, consent, waiver, or forfeiture, a court may not exercise personal jurisdiction over a named defendant." *King v. Taylor*, 694 F.3d 650, 655 (6th Cir. 2012). Without personal jurisdiction having been properly established, a court cannot exercise its authority consistent with due process of law. *Friedman*, 929 F.2d at 1156.

Federal Rules of Civil Procedure 12(b)(4) and 12(b)(5) address motions to dismiss for insufficient process and insufficient service of process. Fed. R. Civ. P. 12(b)(4), 12(b)(5). Federal Rules of Civil Procedure 4(m) governs the timing for service of process. Rule 4(m) states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

---

[1]     Defendants also argue, for the first time in their reply, that dismissal of Garth's claims against them is appropriate under Federal Rule of Civil Procedure 41(b) for failure to prosecute. (Doc. No. 55, PageID# 259.) That argument is not properly before the Court and will not be addressed. *See Castillo v. Jo-Ann Stores, LLC*, 286 F. Supp. 3d 870, 883 (N.D. Ohio 2018) (declining to consider an argument made for the first time in a reply brief).

4

When improper service is alleged, therefore, the Court's first step is whether the plaintiff has shown "good cause" for failing to effect service. That finding is left to the Court's discretion. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991) (quoting *Del Raine v. Carlson*, 826 F.2d 698, 705 (7th Cir. 1987)). If the plaintiff shows good cause, the Court must allow an appropriate time for service to be made. *See generally Turner v. City of Taylor,* 412 F.3d 629, 650 (6th Cir. 2005). If the plaintiff fails to show good cause, the Court must either dismiss the action or order that service be made in a specific period of time. Fed. R. Civ. P. 4(m); *see also Stewart v. Tenn. Valley Auth.*, No. 99-5723, 2000 WL 1785749, at *1 (6th Cir. Nov. 21, 2000) (citing *Henderson v. United States* 517 U.S. 654, 662 (1996)); *Overbay v. Israel*, No. 2:16-CV-00337-TAV, 2017 WL 1377374, at *3–5 (E.D. Tenn. Mar. 24, 2017); *Dunham-Kiely v. United States*, No. 3:08-CV-114, 2010 WL 1882119, at *4–5 (E.D. Tenn. May 11, 2010). This provision of Rule 4, read together with the Supreme Court's decision in *Henderson v. United States*, 517 U.S. 654 (1996), afford courts discretion to grant an extension of time for service even absent a showing of good cause. *Elec. Workers Local 58 Pension Tr. Fund v. Rite Elec. Co.*, No. 10-CV-11815, 2010 WL 4683883, at *2 (E.D. Mich. Nov. 10, 2010) (collecting cases).

In determining whether a case should go forward absent a showing of good cause, courts have considered the following discretionary factors: "whether: (1) [a] significant extension of time was required; (2) [a]n extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) [t]he defendant had actual notice of the lawsuit; (4)[a] dismissal without prejudice would substantially prejudice the plaintiff; *i.e.*, would his lawsuit be time-barred; and (5) [t]he plaintiff had made any good faith efforts at effecting proper service of process." *Dunham-Kiely*, 2010 WL1882119, at *5–6 (citing *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir. 1996)).

**III.     Analysis**

In this case, Garth has not shown good cause for her failure to timely effectuate service on Bohn, Skinner, and Telkamp. Garth has been on notice that her service of these defendants was deficient since June 28, 2017, when Carson informed Richards that they could not be served via the Williamson County Sheriff's Department. Richards did not respond and withdrew as Garth's counsel. Okoye then entered an appearance on Garth's behalf and, on July 25, 2017, Carson notified her that Defendants had not been properly served. Okoye did not respond.

On August 18, 2017, the Court adjourned the initial case management conference at which Okoye and Carson appeared because Defendants had not been served. The Court ordered Okoye to meet and confer with counsel for the purpose of achieving service and to notify the Court within seven days of Defendants' appearance to reset the case management conference. That day, Carson told Okoye that she would accept service of process for Defendants and that she could be served by email, fax, or mail. Okoye did nothing, despite having been afforded time by the Court to resolve service and receiving Carson's assistance in serving her clients.

Okoye moved to withdraw as Garth's counsel ten days later. However, because her motion was deficient, she was not excused from the litigation until December 11, 2017. Her representation thus overlapped for almost three months with Garth's current counsel.

Garth's current counsel concede that they have "fumbled the 'service of process' ball," and state that this is "undoubtedly related to a lack of communications between the lawyers, past and present, and the client." (Doc. No. 54, PageID# 255.) They state that they "were not made aware of any service issues with Defendants Bohn, Telkamp, and Skinner." (*Id.* at PageID# 256.) Good cause to excuse this error exists, they argue, because "Defendants have already agreed to accept

6

service and . . . the Plaintiff[']s attorneys are now on the same page as far as what needs to be done to prosecute this matter on the merits."[2] (*Id.* at PageID# 257.)

The Court does not find good cause in Garth's current counsel's reasoning. First, Okoye remained as counsel for three months after Garth's current counsel appeared, including nearly a week after this motion to dismiss for improper service had been filed. There is no reason why counsel could not have communicated with Okoye during this time to get up to speed on Garth's service issues and address them. Second, even if Okoye was not forthcoming with this information, it was clear in the Court's docket that the case had been paused to allow for service of Defendants and that it was Garth's counsel's burden to reschedule the initial case management conference. (Doc. No. 29.) Third, Garth was apparently aware of the service issues. (Doc. No. 53.) When Defendants filed this motion, Garth apparently felt it necessary to file a pro se response, in which she argues that Okoye provided deficient representation and refused to effect service. (Doc. No. 53.) Garth's current counsel's statement that they "were not made aware of any service issues" may be true, but that is apparently only because they did not review the docket, query Okoye, or get the information from their client. And, even after Defendants' motion was filed, they did not try to effect service or move for an extension of time in which to do so.

The Court agrees that it is Garth's many lawyers who have dropped the ball in prosecuting her case. But "a lawyer's 'inadvertent failure' or 'halfhearted efforts' to effect service are not good cause." *Breezley v. Hamilton Cty.*, 674 F. App'x 502, 506 (6th Cir. 2017) (citing willful evasion of service or a plaintiff's critical illness as examples of good cause). And, at the end of the day,

---

[2]   Current counsel cite *Knoll v. AT&T*, 176 F.3d 359, 363 (6th Cir. 1999) for the proposition that "dismissal is only warranted where there is a clear record of delay or contumacious conduct." (Doc. No. 54, PageID# 255.) That case addresses dismissal for failure to prosecute under Rule 41(b) and its analysis is not relevant here.

"[c]lients are held accountable for the acts and omissions of their attorneys, and attorney inadvertence generally does not constitute excusable neglect." *Jackson v. Chandler*, 463 F. App'x 511, 513 (6th Cir. 2012).

Morever, in Garth's case, it is a stretch even to call her counsel's efforts "halfhearted" or their failure "inadvertent." Both Richards and Okoye were notified by Carson that Defendants had not been properly served. Okoye was explicitly given time by the Court to correct service and bring Defendants into the case. Carson agreed to accept service and gave Okoye three ways to achieve it. Okoye's failure in the face of these accommodations is hard to view as negligence.

While the Court recognizes the difficulties of transferring representation to new counsel, Garth's current counsel have not articulated good cause for their failure to complete what their predecessors had left unfinished. Although they state that they had no notice these defendants had yet to be served, the Court's August 18, 2017 order states that explicitly. (Doc. No. 29, PageID# 126.) Further, counsel allowed three months to pass between entering their appearances and taking any action in the case. When they finally did so, it was only after their client had filed a pro se response in opposition to this motion. Counsel who appear in a case midstream are generally afforded time to get up to speed on the litigation, but they must actively undertake that responsibility. Garth's current counsel did not, and they have not otherwise articulated good cause for failing to achieve service of these defendants.

The Court must therefore determine whether, in its discretion, this failure should be excused. "But simply because a court has authority to extend the time for serving a defendant does not mean it should do so . . . In cases where district courts extend the time for serving the defendant absent good cause, there generally exist reasons for doing so." *Elec. Workers Local 58 Pension Trust Fund*, 2010 WL 4683883 at *3. For example, courts have exercised their discretion to extend

8

the service period where "only a small period of time lapsed" between the deadline and the requested extension; where "there was no prejudice to the defendants, who had actual notice of the lawsuit from the time it was filed;" or where substantial prejudice would result to the plaintiff because her claims would be time-barred. *Id.*

Garth filed her complaint on April 25, 2017. (Doc. No. 1.) Service should have been made by July 24, 2017, more than a year ago. The extension of time required, therefore, would be significant. On the other hand, Defendants have had actual knowledge of Garth's claims at least since Carson asked them for permission to accept service on their behalf and do not argue that they would be prejudiced by late service. Further, the events underlying Garth's claims took place on April 25, 2016. (*Id.*) Any claim with a statute of limitations of less than three years would likely now be time-barred. Garth does not argue that point, however, nor does she state that she will be prejudiced by the dismissal of Defendants from her action. (Doc. No. 54.) And Garth will not be completely foreclosed from seeking relief; a number of properly served defendants, including defendants from the Williamson County Sheriff's Department, remain to answer her allegations. *See Boone v. Heyns*, No. 12-14098, 2017 WL 3977524, at *8 (E.D. Mich. Sept. 11, 2017).

Ultimately, with these factors essentially in equipoise, the Court's determination comes down to whether Garth has made any good-faith efforts to effect service of process. Quite simply, she has not. Other courts have excused untimely service in cases where the "lack of service . . . was not for lack of trying," but caused by a defendant's efforts to evade process. *See, e.g.*, *Overbay v. Israel*, No. 2:16-CV-00337-TAV, 2017 WL 1377374, at *3 (E.D. Tenn. Mar. 24, 2017). Here, Defendants actively tried to be served, but no one took them up on their offer. It is this lack of diligence by counsel and any good-faith attempt at service that weighs most strongly against an extension of time for service in this case.

9

## IV. Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that Bohn, Skinner, and Telkamp's motion to quash be GRANTED and Garth's claims against these defendants be DISMISSED WITHOUT PREJUDICE pursuant to Rule 4(m).

Any party has fourteen days after being served with this Report and Recommendation in which to file any written objections to it with the District Court. Any party opposing said objections shall have fourteen days after being served with a copy thereof in which to file any responses to said objections. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute waiver of further appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

Entered this 24th day of August, 2018.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge