UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TRACY MARIE GARTH, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BONNIE HOMMRICH, et al., <br><br> Defendants. | Case No. 3:17-cv-00758 <br><br> Chief Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Alistair E. Newbern |

To: The Honorable Waverly D. Crenshaw, Jr., Chief District Judge

## REPORT AND RECOMMENDATION

Plaintiff Tracy Marie Garth filed this action with counsel on April 25, 2017, asserting various claims under federal and state law on behalf of herself and her minor children that stem from her arrest on April 25, 2016, and the subsequent placement of her children in state custody. (Doc. No. 1.) In September 2017, Brandon Brown, the minor children's father, motion to intervene in the action arguing that, as the children's custodial parent, he has the right to control their claims. (Doc. No. 32.) The Court granted Brown's motion to intervene as unopposed. (Doc. No. 50.) Garth later filed a motion arguing that she has the superior right to assert the children's claims. (Doc. No. 57.) Almost two years later, the Court has yet to resolve this threshold question due to Garth's criminal prosecution, which concluded August 12, 2019, and, more recently, Garth's failure to respond to this Court's orders.

On September 9, 2019, after the conclusion of Garth's criminal proceedings, the Court ordered Garth and Brown to file renewed motions for the right to control the minor children's claims by November 15, 2019. Garth did not file a renewed motion. On October 23, 2019, the

Court granted Garth's counsel's motion to withdraw, ordering Garth to file a notice by November 7, 2019, informing the Court whether she had retained new counsel or would be proceeding pro se. (Doc. Nos. 98, 99). Garth did not respond to that order. On November 20, 2019, the Court expressed concern that Garth had abandoned her claims, and therefore ordered her to show cause by December 5, 2019, why her claims should not be dismissed for failure to prosecute under Federal Rule of Civil Procedure 41(b). (Doc. No. 102.) Because Garth has not responded to that order, and for the reasons below, the Magistrate Judge will recommend that her claims be dismissed without prejudice under Rule 41(b) for failure to prosecute.

**I.      Factual and Procedural Background**

Garth initiated this action by filing a complaint under 42 U.S.C. § 1983, the Tennessee Governmental Tort Liability Act (TGTLA), Tenn. Code Ann. § 29-20-101 et seq., and Tennessee common law. (Doc. No. 1.) According to the complaint's allegations, which are taken as true at this stage of the litigation, Garth pulled into a gas station in Franklin, Tennessee, around midnight on April 25, 2016. (*Id.*) She was traveling from her home in Alabama with her minor children, Plaintiffs ACB and CAB, to shop in Nashville. (*Id.*) Defendant Sgt. James Phillips of the Franklin Police Department approached Garth at the station and accused her of "passing a dump truck, striking an orange traffic cone, failing to stop for law enforcement, and speeding on I-65 North." (*Id.* at PageID# 7, ¶ 15.) Garth was arrested and taken to the Williamson County Jail, where she was not allowed to speak with an attorney and was "threatened with tasing, harassed, intimidated, [and] strip searched . . . ." (*Id.* at PageID# 10, ¶ 35.)

When their mother was arrested, ACB and CAB were left in the custody of Defendant Police Officer Adam Cowen, who transported them to the Franklin police station. (Doc. No. 1.) Before a Tennessee of Department and Children's Services (DCS) investigator arrived, ACB "suffered disfiguring burns to his mouth, chin and chest" caused by hot water. (*Id.* at PageID# 12,

¶ 42.) ACB was taken to Vanderbilt Children's Hospital, where he received emergency treatment. He and CAB were then placed in foster care in Tennessee. (Doc. No. 1.)

Garth was released from jail on May 10, 2016, and began what became a prolonged battle with DCS to regain custody of ACB and CAB. (*Id.*) DCS allowed Garth only eight hours of supervised visitation with her children per month and sued her for child support. (*Id.*) ACB and CAB were released to the custody of their father in October 2016. (*Id.*) Garth was ultimately indicted on one count of reckless endangerment with a deadly weapon; two counts of evading arrest while operating a motor vehicle; two counts of travel on a closed road, speeding, violation of a no passing zone, and obedience to required traffic control device; and two counts of violation of the children restraint law. (*Id.*)

Garth's complaint asserts the following claims on behalf of herself and ACB and CAB:

- o Claims under § 1983 against DCS; former DCS Commissioner Bonnie Hommrich; DCS employees Emily Kirby, Sarah Fischer, Katherine Nabors, and Sarah Grey McCroskey; and four unknown DCS employees for violations of the First, Fourth, and Fourteenth Amendments;

- o Claims under § 1983 against the City of Franklin; Franklin Police Officers Cowen, James Phillips, Charles Richards, and Jesus Coreno; and four unknown employees of the City of Franklin for violations of the Fourth, Eighth, and Fourteenth Amendments;

- o Claims under § 1983 against Williamson County; former Williamson County Sheriff Jeff Long; Williamson County Deputy Sheriffs Evan Bohn, Brandon Rowe, Amber Pater, Cassie Skinner, and Danielle Telkamp; and four unknown employees of Williamson County for violations of the Fourth, Eighth, and Fourteenth Amendments;

- o A claim under the TGTLA against the City of Franklin for negligent policing and false imprisonment; and

- o A claim under the TGTLA against Williamson County for negligence.

(Doc. No. 1.) Garth, ACB, and CAB each seek $2.5 million in compensatory damages, punitive damages, and fees and costs. (*Id.*)

Shortly after initiating this action, Garth's counsel filed a motion to withdraw (Doc. No. 14), which the Court granted (Doc. No. 17). Garth's new counsel entered an appearance on July 13, 2017, but had not yet associated local counsel as required by the Court's Local Rules. (Doc. No. 18.) In response, all of the defendants except Bohn, Skinner, Telkamp, and the unknown employees of DCS, the City of Franklin, and Williamson County, filed a motion for an extension of time to respond to the complaint until fourteen days after Garth's counsel had associated local counsel and complied with other threshold requirements of the Local Rules. (Doc. No. 19.) The Court granted that motion. (Doc. No. 20.)

The Court held a case management conference on August 18, 2017, after Brown filed a motion to intervene. (Doc. Nos. 26, 29.) The Court found that Bohn, Skinner, and Telkamp had not been served and had not appeared and adjourned the conference to allow for their service. (Doc. No. 29.) The Court ordered Garth to move for the initial case management conference to be reset within seven days after all defendants appeared. (*Id.*) The Court also ordered Brown to file an amended motion to intervene by September 1, 2017, and stayed all other deadlines, including the deadline for the defendants to respond to Garth's complaint, pending the conclusion of the resumed case management conference. (*Id.*)

Not long after the Court entered that order, Garth terminated her relationship with her second attorney. After filing two procedurally defective motions to withdraw that were denied (Doc. Nos. 30, 31, 36, 38), Garth's counsel filed a third motion to withdraw (Doc. No. 49) that was granted (Doc. No. 59). By that time, Garth's third attorney had already entered an appearance. (Doc. No. 33.)

Brown filed a timely amended motion to intervene, arguing that, as the sole custodial parent of ACB and CAB, he is entitled to pursue claims on their behalf. (Doc. No. 32.) Garth did not

respond to that motion, and the Court ultimately granted it as unopposed, determining only that Brown had a right to intervene in this action. (Doc. No. 50.) On December 6, 2017, Bohn, Skinner, and Telkamp filed a motion to dismiss for failure to effect service of process under Federal Rules of Civil Procedure 12(b)(4) and (5). (Doc. Nos. 46, 47.)

The Court held a case management conference on December 19, 2017, at which the parties agreed to a briefing schedule to address two threshold issues: the pending motion to dismiss and the question of who would have the right to pursue claims on behalf of ACB and CAB. (Doc. No. 52.) The Court ordered Garth to file any response in opposition to the motion to dismiss by December 29, 2017. (*Id.*) The Court also ordered Garth and Brown to file motions regarding their rights to bring claims on behalf of the minor plaintiffs by January 19, 2018. (*Id.*) The parties timely briefed those issues. (Doc. Nos. 54–58.)

On May 31, 2018, the Court held another case management conference. (Doc. No. 73.) Garth's counsel informed the Court that Garth's "trial on the criminal charges underlying the claims in this civil action [would] be held on July 9, 2018." (*Id.*) The parties agreed that the claims in this matter would be affected by the result of the trial and the Court stayed this action pending resolution of Garth's criminal charges. (*Id.*) The Court ordered Garth's counsel to file a notice of the trial's resolution within seven days of the judgment. (*Id.*)

Garth's trial did not take place on July 9, 2018, and was instead rescheduled and postponed several times over the course of the next year. (Doc. Nos. 74, 83, 85, 87.) While the case was stayed, the Magistrate Judge recommended that Bohn, Skinner, and Telkamp's motion to dismiss be granted. (Doc. No. 80.) The Court adopted the report and recommendation and dismissed all claims against those defendants without prejudice. (Doc. No. 82.) On August 13, 2019, Defendants City of Franklin, Phillips, Richards, Cowen, and Coreno filed a notice stating that Garth had

5

entered into six negotiated plea agreements resolving the criminal charges against her. (Doc. Nos. 88, 89.) Those defendants also filed a motion to lift the stay and schedule a case management conference. (Doc. No. 90.) The Court granted that motion, set a case management conference for September 9, 2019, and terminated Garth's and Brown's motions to determine the right to control the claims of the minor plaintiffs without prejudice to refiling, finding that circumstances had changed considerably since the motions were originally filed. (*Id.*)

Garth's third counsel filed a procedurally improper motion to withdraw on September 4, 2019 (Doc. No. 94), which the Court denied (Doc. No. 95). At the September 9, 2019, case management conference, Garth's counsel informed the Court that he intended to file a renewed motion to withdraw. (Doc. No. 97.) The Court ordered Garth and Brown to file any renewed motions for the right to control the claims of the minor plaintiffs by November 15, 2019. (*Id.*) That deadline was intended to provide Garth "additional time . . . to either obtain new counsel or proceed *pro se*." (*Id.* at PageID# 437, ¶ D.1.) Garth's counsel filed an amended motion to withdraw (Doc. No. 98), which the Court granted on October 23, 2019 (Doc. No. 99). The Court ordered Garth to file a notice by November 7, 2019, informing the Court whether she had retained new counsel or intended to proceed pro se. (Doc. No. 99.)

Garth did not respond to that order, missed the November 15, 2019 deadline to file a motion to control the claims of the minor plaintiffs, and failed to respond in opposition to Brown's timely filed motion (Doc. No. 100). On November 20, 2019, the Court entered an order finding that "[f]or nearly two years, this case has been stymied by the determination of whether . . . Garth or . . . Brown has the right to assert civil rights claims raised on behalf of their minor children" and that Garth was delaying resolution of that question by failing to inform the Court of the status of her representation. (Doc. No. 102, PageID# 514.) The Court found that Garth appeared to have

abandoned her claims and ordered her to show cause by December 5, 2019, why her claims should not be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute. (Doc. No. 102.) The Court warned Garth that her failure to respond to the order could result in dismissal of her claims. (*Id.*) Garth has not responded.

**II.     Legal Standard**

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) ("It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute."). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363). The Sixth Circuit therefore affords district courts "substantial discretion" regarding decisions to dismiss for failure to prosecute. *Id.*

Courts look to four factors for guidance when determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the defendant has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Knoll*, 176 F.3d at 363 (citing *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 615 (6th Cir. 1998)). Under Sixth Circuit precedent, "none of the factors is outcome dispositive," but "a case is properly dismissed by the district court where there is a clear record of delay or

7

contumacious conduct." *Id.* (citing *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980)); *see also Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (finding that dismissal with prejudice "is justifiable in any case in which 'there is a clear record of delay or contumacious conduct on the part of the plaintiff'" (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 591 (6th Cir. 2001))). Because dismissal without prejudice is a relatively lenient sanction as compared to dismissal with prejudice, the "controlling standards should be greatly relaxed" for Rule 41(b) dismissals without prejudice where "the dismissed party is ultimately not irrevocably deprived of his [or her] day in court." *Muncy*, 110 F. App'x at 556 (citing *Nwokocha v. Perry*, 3 F. App'x 319, 321 (6th Cir. 2001)); *see also* M.D. Tenn. R. 41.01 (dismissal of inactive cases) (allowing Court to summarily dismiss without prejudice "[c]ivil suits that have been pending for an unreasonable period of time without any action having been taken by any party").

**III.      Analysis**

Given Garth's failure to respond to the Court's order requiring her to state the status of her representation, she is presumed to be proceeding pro se. Dismissal of this action is appropriate under Rule 41(b) because the four relevant factors, considered under the "relaxed" standard for dismissals without prejudice, show a record of delay by Garth.

**A.      Bad Faith, Willfulness, or Fault**

A plaintiff's actions demonstrate bad faith, willfulness, or fault where they "display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [plaintiff's] conduct on those proceedings." *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (quoting *Mulbah*, 261 F.3d at 591)). Garth managed to retain counsel three times and actively pursued this litigation for more than two years. Her failure to respond to the Court's show-cause order and Brown's motion to control the minor plaintiffs' claims therefore appears to be a problem of her own making. Even if these failures were not motivated by bad faith, her inaction still reflects "willfulness and

8

fault" for purposes of Rule 41(b). *Hatcher v. Dennis*, No. 1:17-cv-01042, 2018 WL 1586235, at *1 (W.D. Tenn. Mar. 30, 2018); *see id.* (explaining that, "[e]ven where there is no clear evidence of bad faith, failure to respond to a show cause order is indicative of willfulness and fault"); *see also Malott v. Haas*, No. 16-13014, 2017 WL 1319839, at *2 (E.D. Mich. Feb. 8, 2017) (finding that plaintiff was at fault for failing to respond to court's show-cause orders), *report and recommendation adopted by* 2017 WL 1244991 (E.D. Mich. Apr. 5, 2017). This factor supports dismissal.

## B.   Prejudice

The Sixth Circuit has held that "[a] defendant is prejudiced by a plaintiff's dilatory conduct if the defendant is 'required to waste time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" *Carpenter*, 723 F.3d at 707 (second alteration in original) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)); *see also Schafer*, 529 F.3d at 739 (same). Such prejudice typically arises in the discovery context. *See, e.g.*, *Harmon*, 110 F.3d at 368 (finding prejudice where plaintiff failed to respond to defendant's interrogatories and a related motion to compel); *Wright v. City of Germantown*, No. 11-02607, 2013 WL 1729105, at *2 (W.D. Tenn. Apr. 22, 2013) (finding prejudice where defendant "expended time and money pursuing [plaintiff's] required initial disclosures and deposition testimony"). Notably, time and effort spent on "typical steps in the early stages of litigation[,]" such as answering a complaint or filing pretrial motions to advance the defendant's position, are not actions "necessitated by any lack of cooperation" and therefore do not weigh in favor of dismissal for failure to prosecute. *Schafer*, 529 F.3d at 739. The Sixth Circuit explained in *Schafer v. City of Defiance Police Department* that "[i]f such efforts . . . [were] alone sufficient to establish prejudice," for the purpose of Rule 41(b), "then every defendant who answers a complaint and

9

responds minimally to a lawsuit would be able to claim prejudice[,]" a "result [that] would defy common sense." 529 F.3d at 740.

The defendants in this action have not been forced to expend time and resources as a result of Garth's failure to prosecute. This factor weighs against dismissal.

### C. Prior Notice

Whether a party was warned that failure to cooperate could lead to dismissal "is a 'key consideration'" in the Rule 41(b) analysis. *Schafer*, 529 F.3d at 740 (quoting *Stough*, 138 F.3d at 615). Here, the Court warned Garth that failure to respond to the show-cause order could lead to dismissal of her claims. (Doc. No. 102.) This factor supports dismissal. *Schafer*, 529 F.3d at 740; *see also Wright*, 2013 WL 1729105, at *3 (granting motion to dismiss for failure to prosecute where Court's orders to show cause warned plaintiff "that her conduct could result in dismissal").

### D. Appropriateness of Other Sanctions

The less-drastic sanction of dismissal without prejudice is available and appropriate here. Dismissal without prejudice balances the Court's interest in "sound judicial case and docket management" with "the public policy interest in the disposition of cases on their merits." *Muncy*, 110 F. App'x at 557 n.5; *see also Mulbah*, 261 F.3d at 590–91. Such a sanction is particularly appropriate in cases of prolonged inactivity and where, as here, the plaintiff appears pro se. *See Schafer*, 529 F.3d at 737 (noting that courts apply the four-factor test "more stringently in cases where the plaintiff's attorney's conduct is responsible for the dismissal" (quoting *Harmon*, 110 F.3d at 367)).

## IV. Recommendation

For the foregoing reasons, the Magistrate Judge RECOMMENDS that Garth's claims against the remaining defendants be dismissed without prejudice for failure to prosecute under

Rule 41(b). The Court will address Brown's motion to determine the right to control the claims of the minor children (Doc. No. 100) separately.

Any party has fourteen days after being served with this report and recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 3rd day of January, 2020.

*[signature]*
ALISTAIR E. NEWBERN
United States Magistrate Judge